Pelegrín Rosa Sánchez, Plaintiff and Appellant, *v.*
Jaime Calaf et al., Defendants and Appellees.

No. 6270.   Argued November 14, 1933.—Decided September 29, 1934.

*Luis Mercader* for appellant.   *R. Rivera Zayas* for appellee.

Mr. Justice Hutchison delivered the opinion of the Court.

Pelegrín Rosa Sánchez, while traveling along a public road, was struck by a train operated over a private railroad laid upon and across the highway.   He brought an action for an injunction to restrain defendants from the operation of their private railroad, or for the abatement of an alleged public nuisance, and for damages arising out of the maintenance of such nuisance or out of the negligent management and operation of defendants' train, or both.   The District Judge, after sustaining a demurrer, dismissed the complaint as far as the first cause of action, relative to the abatement of the nuisance, was concerned.

418

■■ The third assignment is that the district court erred in holding that plaintiff could not sue for an abatement of the nuisance because he had not suffered any special damage. Among the authorities cited by appellant, the nearest approach to a case in point is *Swain* v. *Chicago R. Co.*, 252 Ill., 622, 626, 97 N.E. 247, 38 L.R.A. (N.S.) 763. Here appellant relies on an extract from the opinion of the Illinois court quoted in note No. 78 (a) at page 735 of 46 Corpus Juris, which reads in part as folows:

". . . . If a trench be dug across a public street, every person in the community who has occasion to use the street will be delayed and inconvenienced. The loss of time in going around such obstruction would be common to all who used such highway. One person might be delayed only a few seconds, while another traveling by a different mode of conveyance, might be delayed much longer, and the nature of the business being done might be such that in one case the damage would be nominal while in another it might be considerable but in all these cases the damages would differ only in degree and not in kind; but if another person, in attempting to use the highway in the exercise of reasonable care, falls into the trench and receives a personal injury, or if his horse should fall into the ditch and receive an injury, clearly an action would lie for the special damage to his person or his property. In the illustration which we have given it will be noted that in the case where the injury was loss of time, business engagements, and the like, there is merely an injury to the public right to use the street, while in the second case the injury to the person and property is a direct trespass upon the individual and invades his personal and individual rights. It will be found upon a careful examination of the cases which sustain the right of an individual to maintain an action for an injury from a public nuisance, that there is some special and particular injury either to his personal property or established business, and that the recovery is sustained on the ground that his personal and individual rights, other than his right to use the highway, have been invaded."

The dictum does not go as far as appellant would have us go in the instant case. As shown by the extract and by its context the Illinois court was speaking of the special injury necessary to support an action for damages arising

out of a nuisance rather than the special injury necessary to sustain a suit for the abatement of a nuisance. In any event, the illustration does not satisfy us that past personal injury caused on a single occasion by the operation, negligent or otherwise, of an unlicensed and unauthorized private railroad across a public highway is such a special injury as that contemplated by the rule which permits an individual to sue for the abatement of a public nuisance when he has sustained special injury different in kind as well as degree from that sustained by the general public.

There is nothing to show that plaintiff's special injury is irreparable. There is nothing to show that it is or will be continuous or recurrent. There is nothing to show that plaintiff had ever traveled over the road in question before the date of the accident. There is nothing to show that he has since traveled over the road or that he will ever travel over the road again. On the contrary, he alleges that he has been completely disabled as a result of the accident. There is, therefore, nothing to show that he even shares in light degree with the traveling public the continuous or recurrent risk to which that public is exposed. Hence, the district court did not err as alleged in the third assignment.

In view of the conclusion already reached we need not discuss the other grounds of appeal.

The judgment appealed from must be affirmed.